**UNITED STATES of America, Plaintiff,**

v.

**Patty L. BYRNS, Defendant.**

**No. 04–40056–01–SAC.**

United States District Court, D. Kansas.

April 24, 2008.

Anthony W. Mattivi, Office of United States Attorney, Topeka, KS, for Plaintiff.

Kirk C. Redmond, Office of Federal Public Defender, Mary K. Savage, Joseph & Hollander, P.A., Topeka, KS, for Defendant.

## MEMORANDUM AND ORDER

SAM A. CROW, Senior District Judge.

The case comes before the court on the defendant's pro se motion for the court to reduce her sentence because of the recent cocaine base amendments to U.S.S.G. § 2D1.1 that were made retroactive pursuant to U.S.S.G. § 1B1.10 and effective on March 3, 2008. (Dk.91). The defendant also requests that during the resentencing this court should exercise its discretion and further reduce her sentence after considering all relevant factors under 18 U.S.C. § 3553(a). The defendant is not entitled to any relief on her motion, as the retroactive cocaine base amendments to U.S.S.G. § 2D1.1 do not apply to her sentence for trafficking in cocaine.

Charged in a three-count drug trafficking indictment arising out of a traffic stop,

the defendant Patty Byrns pleaded guilty to count one—conspiracy to distribute in excess of 40 kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841, and 841(b)(1)(A). At the change of plea hearing, the factual basis of the defendant's plea was that she admitted transporting drugs or drug proceeds and that officers found in the false compartment of the vehicle she was operating forty packages, each weighing approximately one kilogram, that tested positive for cocaine hydrochloride. The released presentence report ("PSR") recommended a Guideline sentencing range of 360 months to life from a criminal history category of one and a total offense level of 42. Considering prior trips as relevant conduct, the PSR used a base offense level of 38 pursuant to U.S.S.G. § 2D1.1(c)(1) (150 kilograms of cocaine based on three or more 50 kilogram trips). The court sustained the defendant's objection and relied only on the cocaine seized from the vehicle when the defendant was arrested. The court used a base offense level of 34 for the 40 kilograms of cocaine hydrochloride pursuant to U.S.S.G. § 2D1.1(c)(3). The advisory guideline range was 235 to 293 months (total offense level of 38 and criminal history category of one). The court sentenced the defendant to 180 months in consideration of the different factors under 18 U.S.C. § 3553(a).

The recent Amendment 706 to the Sentencing Guidelines that took effect November 1, 2007, and was made retroactive taking effect on March 3, 2008, generally adjusts downward by two levels the base offense level assigned to quantities of **cocaine base** listed in the Drug Quantity Table of § 2D1.1(c). "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... the court may reduce the term of imprisonment ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The defendant here did not receive a sentence based on a range that the Commission subsequently has lowered. The Commission's policy statement at U.S.S.G. § 1B1. 10, states that a reduction "is not authorized under 18 U.S.C. § 3582(c)(2) if—— ... (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

In deciding the propriety of a § 3582(c)(2) reduction, the sentencing court is only to determine the guideline range assuming the amended guidelines had been in place at the time of sentencing. U.S.S.G. § 1B1.10(b)(1). "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected.*" *Id.* (italics added). The use of the amended **cocaine base** ranges in the Drug Quantity Table of U.S.S.G. § 2D1.1(c) would not lower the guideline range applied in sentencing the defendant. The court here sentenced the defendant under the cocaine or cocaine hydrochloride ranges of § 2D1.1(c) and not the cocaine base ranges. Consequently, Amendment 706 does not change the court's application of cocaine ranges to the defendant's sentence. Because Amendment 706 does not lower the guideline range used at the defendant's sentencing, her motion for relief pursuant to § 3582(c)(2) is denied.

IT IS THEREFORE ORDERED that the defendant's pro se motion for the court to reduce her sentence in accordance with 18 U.S.C. § 3582(c)(2) (Dk.91) is denied.